IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DAVID CURTIS JOHNSON                                              PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:08CV632TSL-FKBS

CHRISTOPHER EPPS, ET AL.                                         DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendants Christopher Epps and Margaret Bingham to dismiss the official capacity claims against them on grounds of Eleventh Amendment Immunity. Plaintiff David C. Johnson, who is proceeding pro se and in forma pauperis, opposes the motion, and the court, having considered the parties' submissions, concludes that the motion is well taken and should be granted.

Plaintiff is a state prisoner formerly housed at the Central Mississippi Correctional Facility (CMCF). Defendant Christopher Epps is the Director of the Mississippi Department of Corrections and defendant Margaret Bingham is the Superintendent of CMCF. In this action filed pursuant to 42 U.S.C. § 1983, plaintiff claims defendants Hankins, Norwood and Clark either failed to protect him from harm or used excessive force against him on September 30, 2007. He purports to sue all of these defendants in their official and individual capacities. He has further sued

defendants Epps and Bingham, in their official and individual capacities, essentially maintaining that Epps is liable because he oversees the administrative remedy process and that Bingham is liable because she is in charge of the facility where the alleged incident occurred.  Johnson seeks monetary damages against all the defendants.

Defendants' motion is well taken and should be granted. Plaintiff's official capacity claims for monetary relief against Epps and Bingham (as well as the official capacity claims against defendants Hankins, Clark and Norwood) are clearly barred by the Eleventh Amendment.  The Eleventh Amendment provides: "[t]he Judicial power of the United States shall be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The narrow language of this amendment has been broadly construed by the Supreme Court "to embrace the larger principle that a state is granted immunity from suits initiated by private entities or persons in federal courts, if the State has not consented to such suits." Coolbaugh v. Louisiana ex rel. La. Dep't of Public Safety & Corr., 136 F.3d 430, 433 (5th Cir. 1998).  As is pertinent here, in the context of a § 1983 claim, the Supreme Court has held that "a suit against a state official in his or her official capacity is not a suit

2

against the official but rather is a suit against the official's office," and consequently "it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989); see also Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed.2d 114 (1985) ("Official-capacity suits ... 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citations omitted). Based on the foregoing, the court concludes that defendants' motion to dismiss the official capacity claims against them should be granted.[1]

---

[1] The court notes that, despite a representation in their initial brief that they intended to do so, these defendants have not sought dismissal of any claims asserted against them in their individual/personal capacities. The rebuttal submission further evidences some confusion regarding the distinction between individual/personal and official capacity claims, appearing to argue that because Johnson seeks to hold Epps and Bingham liable because of their supervisory roles, he has necessarily stated only official capacity claims against them. The Fifth Circuit has explained the difference between individual and official capacity claims, as follows:

> The Supreme Court has interpreted the Eleventh Amendment to provide that " 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct.

3

900, 79 L. Ed. 2d 67 (1984) (quoting Employees v. Dep't of Pub. Health & Welfare, 411 U.S. 279, 280, 93 S. Ct. 1614, 36 L. Ed. 2d 251 (1973)). This immunity also extends to state officials who are sued in their official capacities because such a suit is actually one against the state itself. See id. at 117.

We recognize that "[t]he performance of official duties creates two potential liabilities, individual-capacity liability for the person and official-capacity liability for the [state]." Turner v. Houma Mun. Fire & Police Civil Serv. Bd., 229 F.3d 478, 484 (5th Cir. 2000). Suits brought against a state official in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Hafer v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) (internal quotations omitted) (quoting Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985)). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." Id. In the former case of liability, the Supreme Court has held that the Eleventh Amendment bars state law claims against state officials for injunctive or monetary relief. See Pennhurst, 465 U.S. at 117. However, it is well established in this circuit that a suit against a state officer in his or her individual capacity for money damages is not a suit against the state for purposes of Eleventh Amendment immunity. See Wilson v. UT Health Ctr., 973 F.2d 1263, 1271 (5th Cir.1992)("Pennhurst and the Eleventh Amendment do not deprive federal courts of jurisdiction over state law claims against state officials strictly in their individual capacities."), cert. denied, 507 U.S. 1004, 113 S. Ct. 1644, 123 L.Ed.2d 266 (1993); Hays County Guardian v. Supple, 969 F.2d 111, 125 (5th Cir. 1992) ("The Eleventh Amendment does not bar state-law actions against state officials in their individual capacity."), cert. denied, 506 U.S. 1087, 113 S. Ct. 1067, 122 L. Ed. 2d 371 (1993); Crane v. Texas, 759 F.2d 412, 428 n. 17 (5th Cir.) ("The Eleventh Amendment is obviously no bar to actions for damages against officials sued in their individual capacities[.]"), cert. denied, 474 U.S. 1020

4

Accordingly, it is ordered that defendants' motion to dismiss on the basis of Eleventh Amendment immunity is granted.

SO ORDERED this the 19th day of April, 2010.

/s/ Tom S. Lee_____
UNITED STATES DISTRICT JUDGE

---

(1985); see also <u>Hafer</u>, 502 U.S. at 30-31.

<u>New Orleans Towing Ass'n v. Foster</u>, 248 F.3d 1143, 2001 WL 185033, at *3-4(5th Cir. 2001) (unpublished table decision).