# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**DAVID C. JOHNSON**                                                           **PLAINTIFF**

v.                                                                **CAUSE NO. 3:08-cv-632-CWR-FKB**

**TORI HANKINS, FELIX NORWOOD**                                 **DEFENDANTS**
**AND JAMES CLARK**

## ORDER

Before the Court is the defendants' motion for judgment as a matter of law, for a new trial, or for remittitur. Docket No. 156. The plaintiff, who is proceeding pro se, has filed his response to the defendants' motion, Docket No. 163,[1] and the matter is ready for review. The motion is DENIED for reasons explained below.

## I. Background

On October 3, 2012, a jury returned a verdict finding that the defendants subjected the plaintiff to cruel and unusual punishment by assaulting him at Central Mississippi Correctional Facility on September 30, 2007. Docket No. 150, at 1. Upon finding that the plaintiff sustained injuries as a result of the assault, the jury awarded damages of $15,000 as compensation for the plaintiff's past mental pain and suffering. *Id.* at 2. The Court entered its judgment on the jury verdict on October 5, 2012. Docket No. 152.

The defendants now ask the Court to set aside that verdict, arguing that they are entitled to judgment as a matter of law, or, alternatively, that they are entitled to a new trial or remittitur.

## II. Discussion

### A. Motion for Judgment as a Matter of Law

Federal Rule of Civil Procedure 50(a) allows the Court to grant a motion for judgment as a matter of law if it finds that "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." The Court will "consider all the evidence presented at trial in the light most favorable to the nonmoving party." *E. Tex. Med. Ctr. Reg'l Healthcare Sys.*

---
[1] The plaintiff's response is styled as a "Motion To Dismiss Defendant's Motion . . . ." Docket No. 163. This "motion" does not request any new relief, but merely responds to the arguments raised by the defendants. The Court, therefore, construes this docket entry as a response filed in opposition to the defendants' motion. The "motion" will be terminated as moot.
     The plaintiff has also filed a separate motion requesting transcripts of the trial held on October 2-3, 2012. Docket No. 158. A full copy of the trial transcript was provided to the plaintiff as an exhibit to the defendants' motion. Docket No. 155. Accordingly, the motion for transcripts will also be terminated as moot.

*v. Lexington Ins. Co.*, 575 F.3d 520, 525 (5th Cir. 2009) (citation omitted). It must "disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* "A jury verdict must stand unless there is a lack of substantial evidence, in the light most favorable to the successful party, to support the verdict." *Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004) (citation omitted).

*1. Plaintiff's Eighth Amendment Claim*

Under the Eighth Amendment, whether there was excessive force depends on "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Fifth Circuit, applying *Hudson*, holds that several factors must be examined, including "1. the extent of the injury suffered; 2. the need for the application of force; 3. the relationship between the need and the amount of force used; 4. the threat reasonably perceived by the responsible officials; and 5. any efforts made to temper the severity of a forceful response." *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999).

The defendants first contend that the jury lacked substantial evidence of excessive force because the plaintiff did not present medical records indicating that he was injured or assaulted on September 30, 2007. Alternatively, they argue that the plaintiff's injuries were *de minimis* and therefore cannot support his excessive force claim.

The testimony of the plaintiff and his eyewitness explained the events and circumstances leading to the assault, the resulting injuries, and the defendants' role in causing those injuries. Docket No. 155-1, at 113-26, 127-39. The plaintiff's witnesses explained that the defendants dealt the plaintiff multiple physical blows, even as the plaintiff pressed his face against a wall and held his hands behind his back in compliance with their requests. According to these witnesses, the plaintiff did not resist. The defendants, nevertheless, continued to beat the plaintiff as he fell to, and then lay curled on, the prison floor.

Although the defendants presented a medical expert's testimony supporting their contention that the plaintiff was not assaulted, the jury was not required to give the expert's testimony more weight than that of the plaintiff and his witness. *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 273 (5th Cir. 1998) ("It is within the province of the jury to decide how much weight to give [to] expert testimony."). Contradicting the expert's claims, the plaintiff's eyewitness testified that two of the defendants stomped and kicked the plaintiff in the

buttocks and his side, and that the plaintiff had bruises on multiple parts of his body and was limping after the assault. Docket No. 155-1, at 116-17, 124-25. This evidence was sufficient for a reasonable jury to find that the plaintiff's injuries were more than *de minimis*, and that the force used was wielded maliciously and sadistically to cause harm. *See Galada v. Payne*, 421 Fed. App'x 460, 462 (5th Cir. 2011) (holding that a plaintiff only has to prove that he "suffered at least some form of injury that is more than *de minimis*") (citation omitted).

The Court further notes the conspicuous absence of one defendant, James Clark, from trial. Docket No. 155-1, at 35, 115, 165. Although two of the defendants were present and explained their version of the events, the Court acknowledges that Mr. Clark's decision to not attend or participate in the trial proceedings could have weighed on the jury's assessment of the credibility of the remaining defendants. It is not the place of the Court to second-guess such determinations. "[T]he jury is in the best position to evaluate the evidence and assess the credibility of witnesses." *King v. University Healthcare System, L.C.*, 645 F.3d 713, 721-22 (5th Cir. 2011).

Viewing this evidence in the light most favorable to the non-movant, the Court therefore finds that plaintiff has demonstrated excessive force under the Eighth Amendment.

*2. Damages*

The defendants also contend that the jury erred by awarding damages for mental pain and suffering without first finding that the plaintiff suffered physical injury, per the Court's instructions. The defendants further contend that mental anguish is not demonstrated in the trial record.

The defendants' first contention is plainly contradicted by the jury verdict form. The Court provided the jury with instructions, stating:

> In order to prove a violation under the Eighth Amendment in this case, therefore, the plaintiff must prove each of the following two elements by a preponderance of the evidence: First, that the defendants used force against the plaintiff maliciously and sadistically for the very purpose of causing plaintiff harm; and, two, that plaintiff suffered some harm as a result of defendants' use of force. If the plaintiff fails to prove either of these elements, you must find for the defendants. (Docket No. 155-1, at 207-08).

"A jury is presumed to follow its instructions" *Wellogix, Inc. v. Accenture, L.L.P.*, 2013 WL 2096356, at *4 (5th Cir. May 15, 2013) (citation omitted). Indeed, the jury found that "Plaintiff, David C. Johnson was subjected to cruel and unusual punishment," and also found

3

that "Plaintiff sustained injuries as a result of being subjected to cruel and unusual punishment," indicating as much by checking "YES" at the appropriate places on the verdict form. Docket No. 151, at 1, 2. And it awarded damages for the plaintiff's past "mental pain and suffering" by filling in "$15,000.00" in the appropriate blank space on that same form. *Id.* at 2.

There was sufficient evidence in the trial record for the jury to reach both conclusions and to award damages. The jury was empowered to evaluate whether there was "more than a de minimis injury . . . in the context in which the force was deployed." *See Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). The evidence presented described how, without provocation, the defendants repeatedly punched, stomped, and kicked the plaintiff, to the point where he was visibly bruised and limping. Docket No. 155-1, at 117, 134. The jury was permitted to infer from these facts that the plaintiff was physically injured, and that he experienced compensable pain and mental anguish in the course of being assaulted. Accordingly, it was permitted to award a modest sum of damages.

**B. Motion for New Trial**

Under Federal Rule of Civil Procedure 59, the Court may, after a jury trial, grant a motion for a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed R. Civ. P. 59(a)(1)(A). Here, the defendants reurge the arguments made on their motion for judgment as a matter of law. They contend that a new trial is warranted because the jury's verdict is against the weight of the evidence and because the jury issued a verdict that was not consistent with the Court's instructions. For reasons explained above, the defendants have failed to make any actual showing that the jury's verdict is against the great weight of the evidence, nor have they shown the jury's verdict to be in error. Accordingly, the motion for a new trial is denied.

**C. Motion for Remittitur**

"Jury verdicts on damages may be overturned only upon a clear showing of excessiveness or upon a showing that they were influenced by passion or prejudice." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1241 (5th Cir. 1985). "The jury's award is not to be disturbed unless it is entirely disproportionate to the injury sustained." *Caldarera v. E. Airlines, Inc.*, 705 F.2d 778, 784 (5th Cir. 1983).

The defendants do not attempt to make any showing that would satisfy *Westbrook* or *Caldarera*. Instead, they repeat arguments relating to the sufficiency of the plaintiff's evidence,

4

again insisting that any injuries the plaintiff suffered were *de minimis*. The Court has provided its reasons for rejecting these arguments in the discussion above. Further, the Court finds that the jury's damages award was reasonable in light of the evidence presented at trial about the nature of the defendants' malicious behavior and the plaintiff's injuries, and in light of the run of the cases. *See, e.g.*, *Vadie v. Mississippi State Univ.,* 218 F.3d 365, 376-77 (5th Cir. 2000) (awarding $10,000 in damages for emotional injury); *Brady v. State of Louisiana*, 998 F.2d 1013 (5th Cir. 1993) (unpublished) (affirming the district court's award of $15,000 actual damages sustained in unprovoked beating by prison guards); *Martin v. Thomas*, 973 F.2d 449, 452, 459 (5th Cir. 1992) (affirming jury verdict of $20,000 for humiliation and emotional distress arising from officers' use of excessive force against the plaintiff, where officers twisted his arms behind his back, threw him down some bleachers, placed handcuffs on him and threw him onto hood of police car); *Carter v. Wilkinson*, No. 1:06-cv-02150, 2010 WL 5125499, at *8 (W.D. La. Dec. 9, 2010) (collecting cases where compensatory damages ranging from $200 to $3000 were awarded to inmates for excessive force used by corrections officers).

### III. Conclusion

The Court observed the plaintiff throughout trial and found him to be immensely credible. He did not ask for a specific sum of damages. Docket No. 155-1, at 218. Instead, he chose to entrust that duty to the jury. The trial record supports the jury's findings of fact and its accompanying damages award. The defendants have provided no compelling reasons to overturn its findings as a matter of law, to disturb its damages award, or to otherwise relitigate the issues in another jury trial. Accordingly, the defendants' motion, Docket No. 153, is DENIED.

**SO ORDERED**, this 28th day of June, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE